**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| KREMERS URBAN DEVELOPMENT COMPANY, and DR. PAWAN SETH, Plaintiffs, | CASE NUMBER 1:03CV01684 |
| | JUDGE: Reggie B. Walton |
| v. | DECK TYPE: General Civil |
| | DATE STAMP: 08/07/2003 |
| ESTEVE QUIMICA, S.A., and MYLAN PHARMACEUTICALS INC., Defendants. | ) ) ) ) |

FILED
AUG - 7 2003
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**COMPLAINT**

Plaintiff, Kremers Urban Development Company ("KUDCo") and Dr. Pawan Seth ("Dr. Seth") (collectively "plaintiffs"), for their Complaint against defendants, Esteve Quimica, S.A. ("Esteve") and Mylan Pharmaceuticals Inc. ("Mylan") (collectively "defendants"), allege as follows:

**THE PARTIES**

1. KUDCo is a company organized under the laws of Delaware with its principal place of business at 6140 Executive Drive, Mequon, Wisconsin 53092.

2. Dr. Pawan Seth is an individual residing at 10 Meryton, Irvine, California 92612.

3. Esteve Quimica, S.A., is a corporation organized under the laws of Spain with its principal place of business at Av. Marie de Deu de Montserrat 12, 08024 Barcelona, Spain. Esteve is the purported assignee of United States Patent No. 5,626,875 ("the '875 patent"). A copy of the '875 patent is attached as Exhibit A.

4. Mylan Pharamaceuticals, Inc., is a corporation organized under the laws of Pennsylvania with its principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 25605.

**JURISDICTION AND VENUE**

5. This is an action to correct inventorship of the '875 patent and for patent infringement of the '875 patent arising under the patent laws of the United States, Title 35, United States Code.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

8. Personal jurisdiction over patentee Esteve is proper in this judicial district pursuant to 35 U.S.C. § 293. Upon information and belief, personal jurisdiction over Mylan is proper in this judicial district as it conducts regular and substantial business, and makes substantial sales of products in this district, and throughout the United States.

**FACTUAL ALLEGATIONS**

9. In or about February 1994, Dr. Seth alone conceived the invention claimed in the '875 patent. Thereafter, Dr. Seth reduced to practice the invention claimed in the '875 patent by preparing samples of the claimed formulation.

10. On information and belief, Marinus Van Boven ("Van Boven") and/or Montserrat Ballester Rodes ("Ballester"), the named inventors on the '875 patent, made no contribution to the conception and/or reduction to practice of invention(s) claimed in the '875 patent.

11. In or about May 1994, Dr. Seth informed Van Boven and Esteve that he had conceived the invention(s) described and claimed in the '875 patent.

12. No later than July 1994, Dr. Seth described his conception and reduction to practice of the invention(s) described and claimed in the '875 patent to Van Boven and Esteve.

13. On or about February 7, 1995, Esteve filed Spanish patent application No. 9500181 ("the '181 application").

14. On or about April 27, 1995, Esteve filed patent application number 429,689 ("the '689 application") with the United States Patent and Trademark Office ("PTO"). The '689 application claims priority to the '181 application. The '689 application discloses and claims subject matter, including pharmaceutical preparation(s) and process(es), that Dr. Seth invented.

15. The '689 application failed to name Dr. Seth as the inventor. Instead, Van Boven and Ballester were named as inventors. Upon information and belief, Dr. Seth is in fact the true sole inventor of the subject matter claimed in that application.

16. On May 6, 1997, the PTO issued the '875 patent, which is based upon the '689 application.

17. The '875 patent identifies Esteve as the sole assignee. Upon information and belief, Van Boven and Ballester assigned all rights and interest in the '875 patent to Esteve. As Van Boven and Ballester were not inventors of the '875 patent, their assignment of the '875 patent to Esteve was unlawful, invalid and a nullity.

18. Dr. Seth, as the true, correct and sole inventor of the '875 patent, is entitled to all right, title and interest in and to the '875 patent.

19. KUDCo is the assignee of Dr. Seth's right title and interest in and to the '875 patent. Accordingly, KUDCo is the lawful owner of the '875 patent.

20. On information and belief, based on its improper assignment from Van Boven and Ballester, Esteve granted Mylan an exclusive license under the '875 patent.

21. On information and belief, Mylan has been granted approval from the Food and Drug Administration to manufacture and sell an omeprazole product formulation covered by the '875 patent.

22. On information and belief, Mylan began selling its omeprazole product formulation in the United States on or about August 4, 2003. Upon information and belief, Mylan practices the process(es) and manufactures, sells and/or offers for sale product(s) described and claimed in the '875 patent.

**COUNT I: CORRECTION OF INVENTORSHIP**

23. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 22 as though fully set forth herein.

24. Dr. Seth is the sole inventor of the '875 patent.

25. Without any deceptive intent by Dr. Seth, he was omitted as the named inventor of the '875 patent.

26. Pursuant to the provisions of 35 U.S.C. § 256, plaintiffs are entitled to an order of this Court correcting inventorship of the '875 patent whereby Dr. Seth is named as the sole inventor, or, in the alternative, a co-inventor.

**COUNT II: PATENT INFRINGEMENT**

27. Plaintiffs repeat and re-allege the allegations of paragraph 1 through 26 as though fully set forth herein.

28. On information and belief, Mylan has infringed and continues to infringe the '875 patent by its manufacture, use, sale and/or offer for sale of its omeprazole product formulation without authority from KUDCo.

29. On information and belief, Mylan's infringement of the '875 patent has been and continues to be deliberate, willful, wanton, and with full knowledge and awareness of the '875 patent.

30. Mylan's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to KUDCo for which KUDCo has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs seeks judgment:

A. For an Order directing the Commissioner of Patents and Trademarks to issue a certificate correcting inventorship of the '875 patent to delete Van Boven and Ballester, and to add Dr. Seth as the sole named inventor, or in the alternative, directing the Commissioner of Patents and Trademarks to issue a certificate correcting inventorship of the '875 patent to add Dr. Seth as a co-inventor;

B. Preliminarily and permanently enjoining Mylan and its officers, directors, agents, servants, employees and attorneys, and those persons in active concert or participation with them, from infringing the '875 patent and/or from the manufacture, use, sale and/or importation of Mylan's omeprazole product formulation;

C. Awarding, pursuant to 35 U.S.C. § 285, plaintiffs their costs, disbursements and attorneys' fees in preparing for and pursuing this action; and

D. Granting such further and other relief as the Court may deem necessary and proper.

By: PENNIE & EDMONDS LLP

Dated: August 7, 2003

Victor Balancia (D.C. Bar No. 411619)
Carl P. Bretscher (D.C. Bar No. 463985)
1667 K Street, N.W., Suite 1000
Washington, DC 20006
Tel: (202) 496-4400
Fax: (202) 496-4444

Counsel for Plaintiffs

OF COUNSEL:

Brian M. Poissant
F. Dominic Cerrito
Ronald A. Daignault
PENNIE & EDMONDS LLP
1155 Avenue of the Americas
New York, NY 10036-2711
Tel.: (212) 790-9090